UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA for Use and Benefit of MESA ASSOCIATES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.: 3:12-CV-568 (VARLAN/GUYTON) |
| PAS-COY, LLC, and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on Defendant Pas-Coy, LLC's Motion for Partial Dismissal [Doc. 7]. Use-plaintiff United States of America for Use and Benefit of MESA Associates, Inc. ("plaintiff") responded [Doc. 13] in opposition to the motion, and PAS-COY, LLC ("PAS-COY") filed a reply [Doc. 14]. The Court has reviewed the relevant law and arguments and, for the reasons stated below, will deny the motion for partial dismissal.

**I.     Positions of the Parties**

PAS-COY moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order partially dismissing the complaint [Doc. 1], specifically plaintiff's Third Cause of Action, for failure to state a claim upon which relief could be granted. The complaint alleges four causes of action, the first of which is for breach of contract against PAS-COY, the second of which is for breach of the implied covenant of good

faith and fair dealing against PAS-COY, the third of which is for *quantum meruit* recovery against PAS-COY, and the fourth of which is for a Miller Act payment bond against Travelers Casualty and Surety Company of America. In its motion for partial dismissal, PAS-COY seeks an order dismissing the third cause of action, for recovery under a theory of unjust enrichment, or *quantum meruit*, because the parties have a valid and enforceable contract in the form of an express written agreement, making recovery under a theory of *quantum meruit* unavailable to plaintiff. The relevant factual basis set forth in the complaint is as follows:

> 7. On or about November 7, 2007, PAS-COY, a general contractor, entered into a written designed-build contract with BWXT Y-12, LLC on behalf of the United States of America, by and through the United States Department of Energy, contract number 4300062152 (hereinafter, 'Prime Contract') by the terms of which Pas-Coy agreed to perform all work for a project known as 'Steam Plant Life Extension Project, Steam Plaint Replacement Sub-project' at the Y-12 National Security Complex at Oak Ridge, Tennessee ('Project')."
>
> 8. On or around, January 17, 2008, Mesa and Performance Contracting, Inc. entered into a written subcontract agreement in connection with the project for the performance of, among other things, engineering and design services. (the 'Subcontract') A true and correct copy of the Subcontract is attached hereto as Exhibit A and incorporated by this reference.
>
> 9. On or about February 29, 2008, Mesa, Performance Contracting, Inc. and Pas-Coy entered into an assignment of contract in which Performance Contracting Inc. assigned its Subcontract with Mesa to Pas-Coy. A true and correct copy of this assignment of contract is attached hereto as Exhibit B and incorporated by this reference.

[Doc. 1, ¶¶ 7-9].

PAS-COY asserts that there are no facts alleged in the complaint that would challenge the validity of the contract, subcontract, or the assignment of contract, or that could provide a basis for equitable relief under a theory of unjust enrichment. PAS-COY correctly points out that, under Tennessee law, a party may only recover under a *quantum meruit* theory when there is no valid contractual agreement between the parties or any such contract has become unenforceable. *See Whitehaven Cmty. Baptist Church v. Holloway*, 973 S.W.2d 592, 596 (Tenn. 1998). A party may not so recover when a valid contract and enforceable exists. *See Metro. Gov't of Nashville & Davidson Cnty. v. CIGNA Healthcare of Tenn., Inc.*, 195 S.W.3d 28, 32-33 (Tenn. 2005). Because, in the present case, plaintiff admits that the project at issue and relationship between PAS-COY and plaintiff is governed by a written agreement, PAS-COY argues that the Court should dismiss the claim for relief based upon a theory of *quantum meruit*.

Plaintiff responds that it is well-established under Rule 8(d) of the Federal Rules of Civil Procedure that a complaint may plead alternative theories and that many courts have construed this rule to allow parties to alternatively plead claims for *quantum meruit* and breach of contract. Plaintiff cites to several cases, many of them from federal courts in Tennessee, supporting its position that, while a party may not recover under both a breach of contract and an unjust enrichment theory, the party may plead both alternative theories of recovery [Doc. 13, pp. 2-3 (citing *Union Leasing, Inc. v. Advantage, Inc.*, No. 2-12-0666, 2012 WL 5331566, at *3 (M.D. Tenn. Oct. 26, 2012); *Town of Smyrna, Tenn. v. Mun. Gas Auth. of Ga.*, No. 3:11-0642, 2012 WL 1313340, at *13 (M.D. Tenn. Apr.

3

17, 2012); *Holt v. Macy's Retail Holdings, Inc.*, 719 F. Supp. 2d 903, 916 (W.D. Tenn. 2010); *Broadnax v. Smith Trans. Co., Inc.*, 694 F. Supp. 2d 947, 952 (W.D. Tenn. 2010); *In re Nissan N. Am., Inc. Odometer Litig.*, 664 F. Supp. 2d 873 (M.D. Tenn. 2009); *Sheller, Ludwig & Sheller P.C. v. Equitrac*, No. 07-2310, 2008 WL 2370826, at *5 (E.D. Pa. June 9, 2008); *MACTEC, Inc. v. Bechtel Jacobs Co., LLC*, No. 3:05-CV-340, 2007 WL 1891244, at *1 (E.D. Tenn. June 28, 2007)]. Thus, plaintiff asserts that it is permitted under the Federal Rules of Civil Procedure to plead *quantum meruit*, as an alternative theory to its breach of contract claim, and that it will ultimately be entitled to recovery under only one of the two theories, to be determined by the Court upon further factual development. Plaintiff submits that PAS-COY's "stated ground for dismissal is necessarily predicated upon the finding or admission of a valid and enforceable contract between the parties, [making] dismissal under Fed. R. Civ. P. 12(b)(6) . . . inappropriate until at least such a finding or admission has been made." [*Id.*, p. 3 (citing *Son v. Coal Equity, Inc.*, 122 F. App'x 797, 801 (6th Cir. 2004) (reversing the dismissal of an alternate *quantum meruit* claim as premature because a finding on the contract claim had not yet been made)]. Plaintiff argues that, if the Court were to grant the partial motion to dismiss, PAS-COY could then deny the validity or enforceability of the contract and, if successful, would leave plaintiff without an avenue of recovery. *See Son*, 122 F. App'x at 80.

PAS-COY replies that both plaintiff and PAS-COY have already conceded the validity of the contracts governing the relationship between the two, meaning that the

4

*quantum meruit* claim must be dismissed, as there is no dispute as to the existence and enforceability of the contracts in question. PAS-COY additionally argues that plaintiff did not properly plead the alternative claim, as it did not specifically clarify in the complaint that the *quantum meruit* claim was plead "in the alternative."

**II.    Analysis**

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that

Case 3:12-cv-00568-TAV-HBG   Document 19   Filed 07/23/13   Page 5 of 7   PageID #: 96

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

Upon review of the complaint and claims at issue, as well as the relevant law, the Court finds that it would be premature to dismiss plaintiff's *quantum meruit* claim at this point. As the Sixth Circuit determined in *Son*, while PAS-COY has admitted in its answer that a valid contract exists, such that PAS-COY would likely be judicially estopped from later arguing that there is no contractual relationship, "[t]he course of litigation . . . is never certain, and there is no guarantee that [PAS-COY] might not attempt to repudiate the concession [later in the suit]." 122 F. App'x at 802. Moreover, Rule 8(d) of the Federal Rules of Civil Procedure allows a party to "state as many separate claims or defenses as it has, regardless of consistency[,]" and to "set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d)(2), (3).

Accordingly, while plaintiff may not obtain double recovery for the same violation, and thus would likely be entitled to recover only on either the breach of contract claim or the *quantum meruit* theory, allowing both claims to proceed at this point adequately protects plaintiff's rights. *See Son*, 122 F. App'x at 802.

### III. Conclusion

For the reasons explained above, the Court hereby **DENIES** Defendant Pas-Coy, LLC's Motion for Partial Dismissal [Doc. 7].

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE